FILED
AUG 0 7 2007
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KENNETH ARCHAMBEAU, | CR 04-40099 |
| | CIV 07-4054 |
| Movant, | |
| -vs- | MEMORANDUM OPINION |
| | AND ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Kenneth Archambeau filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 99 in CR 04-40099). The Court did not require the government to respond to the motion. For the reasons set forth below, the motion will be denied.

## BACKGROUND

Archambeau was convicted by a jury of the crime of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was acquitted of a charge of knowingly possessing a stolen firearm. Defense counsel moved for judgment of acquittal based upon insufficient evidence of possession of the firearm by Archambeau. The motion was denied. The Court imposed a sentence of 66 months' imprisonment and three years' supervised release. On appeal, Archambeau argued that the evidence presented at trial was insufficient to prove that he possessed the guns at issue. *See United States v. Archambeau*, 179 Fed.Appx. 403, 2006 WL 1540908 (8th Cir. 2006). The Eighth Circuit affirmed Archambeau's judgment of conviction and sentence, finding that the evidence presented at trial supported the jury's finding that Archambeau possessed the guns. *See id.* at 404.

In his motion, Archambeau contends trial counsel rendered ineffective assistance by failing to file a motion for new trial based upon insufficiency of the evidence, because he claims the Court

would have granted the motion. In denying Archambeau's motion for judgment of acquittal based upon insufficiency of the evidence, the Court stated:

> Well, as I see the evidence, it is a credibility question. There's clearly some question about the credibility of Sherry Zephier as well as Darrel Tobe Gregor, but that's for the jury to decide. Those are the two people that establish this. And it's not for me to decide upon Sherry Zephier's shaky credibility, although I will note that it is shaky. But that's up to the jury to decide. So the motion [for judgment of acquittal] is denied for that reason; it's a jury question. If Sherry Zephier and Tobe Gregor are found to be credible, that would then support a verdict against the defense and in favor of the government.

(Trial Transcript, Doc. 89, at 218.)

Moreover, in rejecting Archambeau's claim of insufficiency of the evidence on appeal, the Eighth Circuit held:

> Archambeau argues on appeal that [Darrel] Gregor is not credible because he is blind, and that [Sherry] Zephier is not credible because she was intoxicated and has given contradictory accounts of the events. Credibility of witnesses, however, is a matter for the jury. *United States v. Mangine*, 302 F.3d 819, 823 (8th Cir. 2002). Archambeau had an opportunity to cross-examine the witnesses and argue these issues to the jury. Taking the evidence in the light most favorable to the verdict, a reasonable juror could infer that Archambeau possessed the stolen guns and exchanged them for money with Gregor.

*Archambeau*, 179 Fed.Appx. at 405.

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255.

2

The Supreme Court set forth the standard by which claims for ineffective assistance of counsel are to be evaluated:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency prong is met when the defendant shows that counsel's representation fell below the "'range of competence demanded of attorneys in criminal cases.'" *Id.* at 688 (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). The prejudice prong is met when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The Court "must indulge a strong presumption that [trial] counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see Parker v. Bowersox*, 188 F.3d 923, 928 (8th Cir. 1999) (same).

The Court does not find that trial counsel's failure to file a motion for a new trial establishes an error so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment. The Court notes Archambeau does not argue trial counsel failed to adequately cross examine Gregor or Zephier or inadequately argued their lack of credibility in his closing argument to the jury. Trial counsel moved for a judgment of acquittal on the same grounds upon which Archambeau contends he should have moved for a new trial. The Court rejected trial counsel's claim that because Gregor and Zephier lacked credibility the evidence was insufficient to support a conviction. The Eighth Circuit explained the standard for considering a motion for judgment of acquittal:

> A district court has very limited latitude in ruling upon a motion for judgment of acquittal. A motion for judgment of acquittal should be granted only where the evidence, viewed in the light most favorable to the government, is such that a

reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements of the crime charged. "The evidence need not exclude every reasonable hypothesis except guilt; the essential elements of the crime may be proven by circumstantial as well as direct evidence."…. In ruling upon a motion for judgment of acquittal, the district court is not to weigh the evidence or assess the credibility of witnesses.

*United States v. Baker*, 367 F.3d 790, 797-98 (8th Cir. 2004).

A motion for new trial under Rule 33 "is a remedy to be used only 'sparingly and with caution.'" *United States v. Dodd*, 391 F.3d 930, 934 (8th Cir. 2004) (quoting *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002)). Rule 33 provides that a new trial should be granted only where "the interest of justice so requires." FED.R.CRIM.P. 33. The Court has the discretion to "'weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict.'" *Dodd*, 391 F.3d at 934 (quoting *Campos*, 306 F.3d at 579).

Although the standard for granting a new trial is lower than the standard for granting a judgment of acquittal, as set forth above, the Court finds trial counsel did not render deficient performance in failing to move for a new trial on the same grounds that were rejected by the Court during the trial. Counsel's performance did not fall below the range of competence demanded of attorneys in criminal cases.

Even if defense counsel's failure to file a motion for new trial amounted to deficient performance, Archambeau cannot meet the prejudice prong of this claim. The Court would have denied the motion for new trial because there was sufficient evidence presented for the jury to determine whether Gregor and Zephier were credible. In ruling on the motion for judgment of acquittal, the Court found that, "[i]f Sherry Zephier and Tobe Gregor are found to be credible, that would then support a verdict against the defense and in favor of the government." (Trial Transcript, Doc. 89, at 218.) Although the Court observed that Zephier's credibility was "shaky", the Court does not find that the interest of justice would have required the granting of a new trial. The jury was able to observe Zephier and Gregor's demeanor while testifying and could make the credibility

determination. Defense counsel competently cross examined Zephier and Gregor and argued their lack of credibility to the jury. Given that the Court would have denied a defense motion for new trial, there was no prejudice to Archambeau in failing to file a new trial motion. *See Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) (holding that a claim of ineffective assistance of counsel must fail where the court rejects as meritless the claim movant asserts counsel should have pursued).

The Court finds Archambeau is not entitled to an evidentiary hearing. The Court presided over the jury trial and, therefore, observed Gregor and Zephier testify at trial. Additional evidence is not necessary to decide the merits of Archambeau's pending motion. *See United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989) (holding that an evidentiary hearing is not required "where the files and records of the case conclusively show that the petitioner is not entitled to relief.'"); *Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (affirming the district court's refusal to hold a hearing on § 2255 petitioner's ineffective assistance of counsel claim where he failed to allege the kind of prejudice necessary to satisfy the second half of the *Strickland v. Washington* test).

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Archambeau has not made a substantial showing of the denial of a constitutional right. Accordingly,

IT IS ORDERED:

1. That Kenneth Archambeau's Motion to Vacate, Set Aside or Correct Sentence, Doc. 99 in CR 04-40099, is denied.

2. That a certificate of appealability shall not issue in this action.

3. That Kenneth Archambeau's Motion for Leave to Proceed In Forma Pauperis, Doc. 100, is granted.

4. That Kenneth Archambeau's Motion to Adjust Sentencing Transcript, Doc. 101, is denied.

Dated this 7th day of August, 2007.

BY THE COURT:

*Lawrence Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Shelly Margulies*
(SEAL)        DEPUTY